Amanda Williams
amwilliams@seyfarth.com
Jacob Oslick (*pro hac vice* forthcoming)
joslick@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
(212) 218-5500

Attorneys for Defendant THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUTING WANG,<br><br>      Plaintiff,<br><br>  v.<br><br>PRUDENTIAL INSURANCE CO. OF AMERICA,<br><br>      Defendant. | Case No.: _____<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the Superior Court of New Jersey, Law Division, Mercer County<br><br>Docket No. MER-L-1002-24 |

TO:    Clerk of the Court
        United States District Court for the District of New Jersey
        Clarkson S. Fisher Building & U.S. Courthouse
        402 East State Street, Room 2020
        Trenton, NJ 08608

Defendant, The Prudential Insurance Company of America (incorrectly sued as

"Prudential Insurance Company of America") ("Defendant" or "Prudential"), by and through its

attorneys, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, files this Notice of Removal with

respect to the above captioned case, which was filed and currently is pending in the Superior

Court of New Jersey, Law Division, Mercer County, Case No. MER-L-1002-24.  In support of

its Notice of Removal, Prudential states as follows:

1

311609054v.3

**Background and Timeliness**

1. On or about May 25, 2024, Plaintiff Yuting Wang ("Plaintiff") commenced a civil action against Prudential by filing a Complaint in the Superior Court of New Jersey, Law Division, Mercer County, titled *Yuting Wang v. Prudential Insurance Company of America*. The lawsuit is recorded on that court's docket as Case No. MER-L-1002-24. There are no other known parties currently named in Plaintiff's complaint.

2. On May 28, 2024, Plaintiff caused Prudential to be served with the Complaint.

3. Plaintiff subsequently filed an Amended Complaint, which Prudential received on June 18, 2024.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of "all summons, pleadings, and orders" served upon Prudential in the state court action, are attached hereto as Exhibit A.

5. Because Prudential has filed this Notice of Removal within thirty days of service of the original Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

6. In his complaint, Plaintiff alleges that he had long-term disability ("LTD") insurance provided by The Prudential Insurance Company of America through his employer's ERISA-governed employee welfare benefit plan. (Ex. A, Am. Compl. ¶¶ 4-14). Plaintiff alleges that he worked for Microsoft but stopped working in May 2021 due to back pain. (*Id*. ¶¶ 22-25.) Plaintiff further alleges that he filed a claim for LTD benefits. (*Id*. ¶ 27.) Plaintiff alleges that Prudential approved his claim for LTD benefits in or about December 2021, and then terminated his LTD benefits claim in or about August 2023. (*Id*. ¶¶ 27-30.) Plaintiff appealed the termination decision, and Prudential upheld its decision to terminate his LTD benefits on or about April 16, 2024. (*Id*. ¶¶ 34-56.) Plaintiff alleges that he filed a second appeal, which was still pending when he filed his Complaint. (*Id*. ¶¶ 57-61.) Prudential denied Plaintiff's second appeal on June 12,

2

2024. (*Id*. ¶ 62.) Plaintiff alleges four claims against Prudential: a claim for benefits and breach of fiduciary duty under ERISA (Count I); a claim for attorney's fees under ERISA (Count II); a claim for penalties for failure to provide plan documents under ERISA, 29 U.S.C. § 1132(c) (Count III); and a claim for violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*. (Count IV). (*Id*. ¶¶ 63-93).

### Plaintiff's Claims Arise Under ERISA And Are Removable

7.      Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8.      Three of Plaintiff's four claims (Counts I-III) are brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. and thus arise under the laws of the United States within the meaning of 28 U.S.C. § 1331.

9.      ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

10.      As ERISA provides the exclusive remedy for a claim of benefits, to the extent Plaintiff is seeking any remedy related to his claim for benefits (Count IV under the New Jersey Consumer Fraud Act), ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a).).

11.      As Plaintiff seeks benefits under an ERISA governed plan, all of his claims arise under ERISA, and thus he alleges claims under the laws of the United States within the meaning

3

of 28 U.S.C. § 1331. For this reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

**The Court Has Supplemental Jurisdiction Over Any State Law Claim That Is Not Preempted**

12.    To the extent the Court determines that Plaintiff's state law claim (Count IV) is not preempted by ERISA, the Court would have supplemental jurisdiction over Count IV because it is so related to Plaintiff's ERISA claims against Prudential that it forms "part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367.

13.    A court may exercise supplemental jurisdiction over a party's state law claims where the claim involves "the same witnesses, presentation of the same evidence, and a determination of the same, or very similar facts" as a claim whose original jurisdiction is predicated on a federal question. Such claims, if completely preempted, can support removal of the entire action: the rest can be removed as provisionally within a federal court's supplemental jurisdiction. 28 U.S.C. §§ 1367(a), 1441(c).

14.    Here, in Count IV, Plaintiff seeks to recover an "award of benefits to which he is entitled under the Plan." (*See* Ex. A, Am. Compl. Count IV Prayer for Relief.) Thus, all of Plaintiff's claims derive from a "common nucleus of operative fact," namely whether Plaintiff is entitled to LTD benefits, a question that would ordinarily be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966).

15.    Moreover, this case does not present the Court with novel or complex issues of state law; Count IV does not predominate over the claims brought in Counts I-III; and the

4

Amended Complaint contains no allegations of exceptional circumstances or other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c).

16.    The Court therefore can assert supplemental jurisdiction over Count IV, and removal of this action is proper under 28 U.S.C. § 1441(a).

### Venue and Notice

17.    Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 110, this Court embraces the Superior Court of Mercer County, New Jersey. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

18.    Prompt written notice of this Notice of Removal is being sent to Plaintiff through her counsel, and to the Clerk of Court for the Superior Court of Mercer County, New Jersey, as required by 28 U.S.C. § 1446(d).  A copy of the notice is attached as Exhibit B.

19.    There are no other known named defendants in this matter to which consent is required.

### Conclusion

20.    Based on the foregoing, this Court has original jurisdiction over this action because this action arises under federal law under 28 U.S.C. § 1331. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

21.    Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue before any order remanding this case. If the Court decides remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Third Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

5

22.     Prudential submits this Notice of Removal without waiving any defenses to the

claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which

relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable

relief whatsoever (or that the damages she seeks may be properly sought).

WHEREFORE, Prudential submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for District of New Jersey, Trenton Vicinage. Prudential also requests all other relief, at law or in equity, to which it justly is entitled.

Dated: June 27, 2024                              Respectfully submitted,

                                                  SEYFARTH SHAW LLP


                                                  By: */s/ Amanda Williams*
                                                        Amanda Williams

                                                  Attorneys for Defendant
                                                  THE PRUDENTIAL INSURANCE
                                                  COMPANY OF AMERICA

6
311609054v.3

## CERTIFICATE OF SERVICE

I certify that on June 27, 2024, I electronically filed Defendant's Notice of Removal, with

Exhibits A-B, and Civil Cover Sheet, via the Court's CM/ECF system, and caused to be served

true and correct copies of the aforementioned documents by FedEx Overnight Mail, postage

prepaid, upon the following counsel for Plaintiff:

> Brianna J. Winning
> Murphy McKeon, P.C.
> 901 Route 23 South
> 2nd Floor
> Pompton Plains, New Jersey 07444
>
> *Attorneys for Plaintiff*

> /s/ Amanda Williams
> Amanda Williams

311609054v.3